UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMCAST CORPORATION, :
a Pennsylvania corporation, :
    :
    Plaintiff, :
    :
v. : Case No.
    :
SCREAMPIX, LLC, a :
California limited liability company, :
    :
    Defendant. :

# COMPLAINT

Plaintiff Comcast Corporation ("Comcast"), by and through its undersigned counsel, sues Defendant Screampix, LLC ("Screampix"), for injunctive and declaratory relief and damages under the laws of the United States and the Commonwealth of Pennsylvania and states as follows:

## Summary

1. Plaintiff Comcast is one of the nation's leading providers of entertainment, information and communications products and services. For well over a year, Comcast has promoted the STREAMPIX® video subscription service that enables consumers to instantly view uncut, commercial-free movies and television programs, in and out of the home, on their various devices for playing audio-video content, including televisions, mobile phones, laptop computers, tablet computers and other mobile devices.

2. Defendant Screampix has recently launched a competing subscription service, featuring uncut, commercial-free horror movies, as a channel on the YouTube.com website under the SCREAMPIX trademark, which is virtually identical aurally and visually to Plaintiff

Comcast's STREAMPIX® trademark. Examples of how the two marks are displayed appear below:



3. Notwithstanding a request by Plaintiff Comcast that Defendant Screampix select a mark for its service that is not confusingly similar to Comcast's mark, Defendant continues to promote, market and offer its online movie channel under the SCREAMPIX mark. These activities infringe Plaintiff Comcast's valuable trademark rights and, unless stopped by this Court, will create confusion among consumers and will irreparably damage and perhaps destroy an extremely valuable asset of Plaintiff Comcast.

## Jurisdiction and Venue

4. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, as amended ("The Lanham Act"), 15 U.S.C. § 1051 et seq., and under the statutory law and common law of the Commonwealth of Pennsylvania.

5. This Court has jurisdiction over Counts I, II and III of the Complaint pursuant to 15 U.S.C. § 1121 in that they are claims arising under the Lanham Act; pursuant to 28 U.S.C. § 1338(a) in that it they are civil claims arising under an Act of Congress relating to trademarks; pursuant to 28 U.S.C. § 1331 in that they assert claims arising under the laws of the United States; and pursuant to 28 U.S.C. § 1332(a) in that they assert claims where the amount in controversy exceeds the sum or value of $75,000 and are between citizens of different states. This Court has jurisdiction over Count V of the Complaint pursuant to 28 U.S.C. § 1338(b) in that it is an action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws of the United States. This Court has supplemental jurisdiction

over Counts IV and V of the Complaint pursuant to 28 U.S.C. § 1367(a) in that these claims are so related to the other claims in the action within the Court's original jurisdiction that they form part of the same case or controversy and pursuant to 28 U.S.C. § 1332(a) in that they assert claims where the amount in controversy exceeds the sum or value of $75,000 and are between citizens of different states.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(b)(1) and/or (b)(2).

## The Parties

7. Plaintiff Comcast is a corporation organized under the laws of Pennsylvania, having its principal place of business at 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103.

8. Upon information and belief, Defendant Screampix is a limited liability company organized under the laws of California, having a principal place of business at 5900 Wilshire Boulevard, Los Angeles, California 90036.

## Plaintiff's STREAMPIX® Service Mark

9. Plaintiff Comcast is a global media and technology company with two primary business units, Comcast Cable and NBCUniversal. Comcast Cable is the nation's largest video, high-speed Internet and phone provider to business and residential customers. Comcast Cable applies the latest innovation and technology to entertain, inform and connect people in new ways, providing households and businesses with the ultimate in video, Internet, voice, home management and business services.

10. Since February 23, 2012, as part of its expanding menu of entertainment options, Plaintiff Comcast has used the STREAMPIX® mark to provide films, television programs and other video content to consumers via a video-on demand service, which is accessible via the

Internet, wireless network, mobile networks and cable television. Subscribers to the STREAMPIX® service have unlimited access to over 500 top-quality movies and over 10,000 television episodes, including entire past seasons of television series and kids programming. Subscribers can watch any of the non-downloadable movies and television programs available from the STREAMPIX® online video service, uncut, uncensored and uninterrupted, on various portable devices with a screen, such as laptops, tablets, smart phones and smart TVs. In the future, STREAMPIX® subscribers will also be able to access videos on their Xbox video game consoles and other consumer electronics devices. An increasing percentage of the video content offered via the STREAMPIX® service can be downloaded as well.

11. The movies available on the STREAMPIX® video service are from virtually all genres, including dramas, comedies, romance, action films, musicals, mysteries, science fiction and horror. Currently, there are over fifty horror films available from the STREAMPIX® service, including hit films such as *Nightmare on Elm Street, Mary Shelley's Frankenstein* and *Interview with the Vampire,* as well as cult favorites such as *Night of the Living Dead, The Thing, The Lost Boys, Texas Chainsaw Massacre (The Next Generation), Gabriel* and *Queen of the Damned.*

12. Plaintiff Comcast has expended significant sums in purchasing the rights to movies and television programs that can be viewed on the STREAMPIX® video service. Plaintiff Comcast has also invested significant time and resources to advertise, promote and protect its STREAMPIX® service mark.

13. As a result of the foregoing, the STREAMPIX® mark is a distinctive and well-known mark, denoting quality, reliability, value and variety in the minds of the public. Further, Plaintiff Comcast has developed extremely valuable goodwill and an outstanding reputation in its

STREAMPIX® mark, which is indicative of high quality and of origin, associated exclusively with Plaintiff Comcast.

14. Providing on-demand video is an extremely competitive business. The STREAMPIX® video service enables Plaintiff Comcast to offer its subscribers a choice in obtaining on-demand video, either via the traditional "a la carte" model and a subscription "all you can eat" option. As such, the STREAMPIX® video service is an important component of Plaintiff Comcast's on-demand video service. At least one business analyst has predicted that the offering of the STREAMPIX® video service may increase the value of Comcast's stock by as much as 10%.

15. On June 25, 2013, the United States Patent and Trademark Office issued to Plaintiff Comcast U.S. Registration No. 4,356,213 on the Principal Register, for the STREAMPIX® mark for the "provision of non-downloadable films, television programs and other video content via a video-on-demand service," based on an application filed by Plaintiff Comcast on September 28, 2011. A copy of the certificate of registration is attached as Exhibit A.

16. Registration of Plaintiff's STREAMPIX® mark on the Principal Register is *prima facie* evidence that the STREAMPIX® mark is valid, that the mark is inherently distinctive, that the mark is owned by Plaintiff Comcast and that, effective as of September 28, 2011, Plaintiff Comcast has the exclusive nationwide right to use the mark for the services listed in the Certificate of Registration.

17. Prior to the adoption of the SCREAMPIX mark by Defendant, the STREAMPIX® mark has acquired, in the minds of the public, a secondary meaning and became a distinctive mark denoting quality, reliability, value and variety in the minds of the public.

18. The goodwill associated with the STREAMPIX® mark is one of Plaintiff Comcast's most valuable assets.

### Facts Common to Claims Against Defendant Screampix

19. Upon information and belief, Defendant Screampix has recently launched an online subscription-based movie channel on YouTube, which it promotes under the mark "SCREAMPIX" and is described as offering "access to hundreds of unedited, uncensored, commercial-free horror movies" that are viewable on "any screen."

20. Upon information and belief, the SCREAMPIX service offers far fewer movies than those available on the STREAMPIX® service and its movies appear to be generally of a lower quality than those made available by Comcast.

21. The marks STREAMPIX® and SCREAMPIX are virtually indistinguishable aurally and are also highly similar visually and in the impression that they convey.

22. Defendant Screampix has adopted a stylized version of the SCREAMPIX mark, with an oversized letter "X," that is highly similar in color and shading to one of the ways in which Comcast presents its STREAMPIX® mark, as shown below:

 

23. The services offered under the respective marks are directed to the same consumers and are provided and promoted via the same channels of trade.

24. Defendant Screampix's use of SCREAMPIX for its online video service began well after Plaintiff Comcast launched its STREAMPIX® online video service, as well as after Plaintiff Comcast filed its federal application to register its STREAMPIX® mark.

25. Upon information and belief, Defendant Screampix's adoption and use of SCREAMPIX for its online video service were made with express or constructive knowledge of Plaintiff Comcast's prior use of and rights in its STREAMPIX® mark.

26. On May 9, 2013, Defendant Screampix filed an application to register SCREAMPIX as a service mark for a "subscription horror movie channel" with the US Patent and Trademark Office, Serial No. 85/927,954, based on a claim of first use of the mark on May 9, 2013.

27. Upon information and belief, either directly or through one of its owners, officers or employees, on September 21, 2012, Defendant Screampix has registered the screampix.com and screampix.net domain names (the "Domain Names") and created SCREAMPIX user pages on Facebook <www.facebook.com/screampix> and on Twitter <https://twitter.com/SCREAMPIX> (the "Social Network Pages").

28. By letter dated May 31, 2013, Plaintiff Comcast sent a letter to Defendant Screampix, stating that the continued use of the SCREAMPIX mark and corporate name, of the Domain Names and of the Social Network Pages in connection with providing an online movie subscription-based channel is likely to cause consumers to believe that its service is endorsed by, sponsored by or otherwise affiliated with Comcast's STREAMPIX® video-on-demand service.

29. Plaintiff Comcast further demanded that Defendant Screampix cease its use of SCREAMPIX as a mark or as part of its corporate name, abandon its application to register SCREAMPIX as a service mark, transfer the Domain Names and the Social Network Pages to Comcast, and agree not to make any further use of SCREAMPIX or any other mark that consists of incorporates or is confusingly similar to the STREAMPIX® mark as or as part of any trademark, service mark, corporate name or domain name.

30. Defendant Screampix responded by letter dated June 10, 2013, wherein it rejected those demands. Defendant Screampix did not deny or refute on the merits the allegation that the STREAMPIX and SCREAMPIX are confusingly similar, are used for closely related, if not virtually identical services or are marketed to the same class of consumers through the same channels of trade. Nonetheless, Defendant Screampix refused to comply with Plaintiff Comcast's demands and continues its use of the SCREAMPIX mark.

31. Defendant Screampix continues to use and promote its online video channel to the public, including viewers in this District, under the mark SCREAMPIX.

32. Upon information and belief, Defendant Screampix's use of the SCREAMPIX mark is intended to capitalize on the goodwill associated with Plaintiff Comcast's STREAMPIX® mark and to mislead the purchasing public into believing Defendant Screampix's services are authorized, connected with, sponsored or approved by Plaintiff Comcast.

32. Defendant Screampix's use of the SCREAMPIX mark is without the permission of or license from Plaintiff Comcast.

33. By using the SCREAMPIX mark, Defendant Screampix is subjecting the reputation and goodwill of Plaintiff Comcast in its STREAMPIX® mark to irreparable injury and harm by reason of acts of Defendant Screampix or others over whom Plaintiff Comcast has no control.

34. By its wrongful acts, Defendant Screampix has caused, and, unless restrained by the Court, will continue to cause serious and irreparable injury and damage to Plaintiff Comcast and to the goodwill associated with its STREAMPIX® mark. These wrongful acts have caused, and will continue to cause, grave injury to the public as well.

35. Plaintiff Comcast has no adequate remedy at law.

## COUNT I
## (LANHAM ACT/INFRINGEMENT OF REGISTERED MARK)

36. Plaintiff Comcast adopts and incorporates by reference the allegations of paragraphs 1 through 35 above as if fully set forth herein.

37. This Count arises under Section 32(1) of the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1114(1).

38. Defendant's Screampix's use of the SCREAMPIX mark, the Domain Names and the Social Network Pages is a colorable imitation of Plaintiff Comcast's federally registered STREAMPIX® mark that is likely to cause confusion, or cause mistake or to deceive consumers.

39. Defendant's Screampix's use of the SCREAMPIX mark, the Domain Names and the Social Network Pages constitutes trademark infringement in violation of Section 32(1) of the Lanham Act.

40. Defendant's Screampix's acts of infringement have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to the business, reputation and goodwill that Plaintiff Comcast enjoys in its registered STREAMPIX® mark, and to the public, for which Plaintiff has no adequate remedy at law.

41. Upon information and belief, such acts and injury will continue unless enjoined by this Court.

42. This is an exceptional case and Plaintiff is entitled to recover reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## (LANHAM ACT - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)

43. Plaintiff Comcast adopts and incorporates by reference the allegations of paragraphs 1 through 42 above as if fully set forth herein.

44. This Count arises under Section 43(a) of the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1125(a).

45. Defendant Screampix's unauthorized use of the SCREAMPIX mark, the Domain Names and the Social Network Pages is likely to cause confusion among, cause mistake among or deceive consumers as to the source, sponsorship or affiliation of the online video services of Plaintiff Comcast and the online video services of Defendant Screampix, or that Defendant Screampix is in some way affiliated with Plaintiff Comcast, as a result of which Plaintiff Comcast and the public have been, and are likely to be further, irreparably damaged.

46. Defendant Screampix's aforesaid acts constitute a false designation of origin and unfair competition, in violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's Screampix's acts have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to the business, reputation and goodwill that Plaintiff Comcast enjoys in its registered STREAMPIX® mark, and to the public, for which Plaintiff has no adequate remedy at law.

48. Upon information and belief, such acts and injury will continue unless enjoined by this Court.

## COUNT III
### (LANHAM ACT – ANTICYBERSQUATTING CONSUMER PROTECTION ACT)

49. Plaintiff Comcast adopts and incorporates by reference the allegations of paragraphs 1-48 above as if fully set forth herein.

50. This count arises under Section 43(d) of the Trademark Act of 1946, as amended ("Lanham Act"), 15 U.S.C. § 1125(d) ("AntiCybersquatting Consumer Protection Act" or "ACPA").

51.	Upon information and belief, Defendant Screampix has registered or used the Domain Names with a bad faith intent to profit from the STREAMPIX® mark. The STREAMPIX® mark was distinctive at the time Defendant Screampix registered the Domain Names. The Domain Names are confusingly similar to Plaintiff Comcast's STREAMPIX® mark.

52.	Plaintiff Comcast has been and likely will continue to be injured by Defendant Screampix's violation of the ACPA until the Domain Names are transferred to Plaintiff Comcast, owner of the STREAMPIX® mark.

## COUNT IV
### (PENNSYLVANIA – COMMON LAW TRADEMARK INFRINGEMENT
### 54 Pa. C.S.A. § 1126)

53.	Plaintiff Comcast adopts and incorporates by reference the allegations of paragraphs 1 through 52 above as if fully set forth herein.

54.	This Count arises under the common law of the Commonwealth of Pennsylvania.

55.	Defendant's Screampix's use of the SCREAMPIX mark, the Domain Names and the Social Network Pages is a colorable imitation of Plaintiff Comcast's STREAMPIX mark that is likely to cause confusion, or cause mistake or to deceive consumers.

56.	Defendant's Screampix's use of the SCREAMPIX mark, the Domain Names and the Social Network Pages constitutes trademark infringement in violation of the common law of the Commonwealth of Pennsylvania.

57.	Defendant's Screampix's acts of infringement have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to the business, reputation and goodwill that Plaintiff Comcast enjoys in its registered STREAMPIX® mark, and to the public, for which Plaintiff has no adequate remedy at law.

58. Upon information and belief, such acts and injury will continue unless enjoined by this Court.

## COUNT V
### (PENNSYLVANIA – COMMON LAW UNFAIR COMPETITION)

59. Plaintiff Comcast adopts and incorporates by reference the allegations of paragraphs 1 through 58 above as if fully set forth herein.

60. Defendant Screampix's unauthorized use of the SCREAMPIX mark, the Domain Names and the Social Network Pages is likely to cause confusion among, cause mistake among or deceive consumers as to the source, sponsorship or affiliation of the online video services of Plaintiff Comcast and the online video services of Defendant Screampix, or that Defendant Screampix is in some way affiliated with Plaintiff Comcast, as a result of which Plaintiff Comcast and the public have been, and are likely to be further, irreparably damaged.

61. Defendant Screampix's aforesaid acts constitute a false designation of origin and unfair competition, in violations of the common law of the Commonwealth of Pennsylvania.

62. Defendant's Screampix's acts have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to the business, reputation and goodwill that Plaintiff Comcast enjoys in its registered STREAMPIX® mark, and to the public, for which Plaintiff has no adequate remedy at law.

63. Upon information and belief, such acts and injury will continue unless enjoined by this Court.

WHEREFORE, Plaintiff Comcast prays for judgment as follows:

1. That Defendant Screampix, its officers, agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with them, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a) using the name, heading and/or mark STREAMPIX® or any term confusingly similar thereto, including, but not limited to, SCREAMPIX, as a part of a trademark or service mark alone or in combination with other words, names, headings, styles, titles or marks in connection with selling, offering or advertising any goods or services;

(b) using SCREAMPIX as part of a trademark or service mark or using any other names, phrases, headings, and/or marks confusingly similar to Plaintiff Comcast's STREAMPIX® mark in connection with any business;

(c) holding themselves out as the owners of a company authorized to use a mark confusingly similar to Plaintiff Comcast's STREAMPIX® mark, including, but not limited to, SCREAMPIX;

(d) performing any actions or using any words, names, headings, styles, titles or marks, which are likely to cause confusion, to cause mistake or to deceive; or to otherwise mislead the trade or public into believing that Plaintiff Comcast and Defendant Screampix are one and the same or are in some way connected; or that Plaintiff Comcast is a sponsor of Defendant Screampix; or that Defendant Screampix is in some manner affiliated or associated with or under the supervision or control of Plaintiff Comcast; or that the goods or services of Defendant Screampix originate with Plaintiff Comcast or are conducted or offered with the approval, consent or authorization, or under the supervision of Plaintiff Comcast; or are likely in any way to lead the trade or the public to associate Defendant Screampix with Plaintiff Comcast;

(e)　using any trade practices whatsoever including those complained of herein, which tend to compete unfairly with or injure Plaintiff Comcast's business or Plaintiff Comcast' STREAMPIX® mark and the goodwill attached thereto; or

(f)　otherwise competing unfairly with Plaintiff Comcast in any manner.

2.　That Defendant Screampix be required to deliver up for destruction, at its own expense, all stationery, business forms, signs, advertisements, brochures, promotional materials and other written or electronic materials which bear the infringing name, phrases, headings and/or mark SCREAMPIX or any name, phrases, headings and/or marks confusingly similar to Plaintiff Comcast's STREAMPIX® mark, together with all means and materials for making or reproducing the same.

3.　That Defendant Screampix be required to pay Plaintiff Comcast its actual damages caused by its acts, as well as Defendant Screampix's profits from sales of goods or services under the names, phrases, headings, and/or mark SCREAMPIX or any colorable imitation of the STREAMPIX® mark and that such damages be trebled.

4.　That Defendant Screampix be required to pay to Plaintiff Comcast all of its litigation expenses, including reasonable attorneys' fees and the costs of this action.

5.　That the screampix.com and screampix.net domain names and the SCREAMPIX user pages on Facebook <www.facebook.com/screampix> and on Twitter <https://twitter.com/SCREAMPIX> be transferred to Plaintiff Comcast.

6. That Plaintiff Comcast have such other and further relief as this Court may deem just and proper.

                        Respectfully submitted,

                        BALLARD SPAHR LLP

By: /s/ Matthew A. White
Matthew A. White
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Phone: (215)665-8500
Direct: (215) 864-8849
Fax: (215) 864-8999
whitema@ballardspahr.com

Attorneys for Comcast Corporation

Of Counsel:

Mitchell H. Stabbe
EDWARDS WILDMAN PALMER LLP
1225 23rd Street, N.W.
Eighth Floor
Washington, D.C. 20037
Phone: (202) 478-4378
Fax: (866) 320-9766
mstabbe@edwardswildman.com

Dated: July 11, 2013